IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TERRANCE A. BANKS,

    Plaintiff,

v.

BRIAN THOMAS; and GEORGIA
DEPARTMENT OF CORRECTIONS,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-134

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983, contesting certain events that occurred while housed at Georgia Diagnostic Classification Prison in Jackson, Georgia. (Doc. 1.) The Court has conducted an initial review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

In his Complaint, Plaintiff alleges that on July 6, 2016, after taking a shower, Defendant Thomas escorted Plaintiff back to his unit. (Doc. 1, p. 5.) After securing Plaintiff in his cell, Defendant Thomas reached through the bars and proceeded to grab and touch Plaintiff's butt and thigh. (Id.) Plaintiff further contends that Defendant Thomas then told Plaintiff that he "was his bitch and that I had a fat ass on me." (Id.) Plaintiff states that he refused to give back the

---

[1] The facts set forth below are taken from Plaintiff's Complaint are accepted as true, as they must be at this stage.

1

handcuffs, "in the hopes of speaking with supervisor officers," but additional prison officers arrived and moved plaintiff to the strip cell. (Id.) Plaintiff states that he was unable to "speak out" regarding this incident until his overdose on July 8, 2016. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal of Claims Against Georgia Department of Corrections and Official Capacity Claims

Plaintiff cannot sustain a Section 1983 claim against Defendant Thomas in his official capacity or against the Georgia Department of Corrections. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendant Thomas in his official capacity as well as a suit against the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes both the Georgia Department of Corrections and Defendant Thomas in his official capacity. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendant Georgia Department of Corrections or Defendant Thomas in his official capacity.

Therefore, the Court should **DISMISS** all claims against Defendant Georgia Department of Corrections and all official capacity claims.

### II. Dismissal of Eighth Amendment Claims

A prison official's sexual assault of a prisoner may violate the Eighth Amendment because sexual assault has "no legitimate penological purpose and is simply not part of the penalty that criminal offenders pay for their offenses against society." See Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). Under Eleventh Circuit law, "severe or repetitive sexual

abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X, 437 F.3d at 1111.  However, "[t]o prove an Eighth Amendment violation based on sexual abuse, a prisoner must show that he suffered an injury that was objectively and sufficiently serious and that the prison official had a subjectively culpable state of mind."  Id.

In Boxer X, the Eleventh Circuit Court of Appeals concluded that "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimis* injury[,]" and affirmed the dismissal of the Eighth Amendment claim.  437 F.3d at 1111.  The Eleventh Circuit explained that the plaintiff failed "to satisfy the objective component of the applicable standard in that he has not alleged any injury, let alone an injury of sufficient gravity to establish an Eighth Amendment violation."  Id.; see Allen v. McDonough, No. 4:07-CV-469-RH-GRJ, 2011 WL 4102525, at *5 (N.D. Fla. Aug.17, 2011) (collecting cases in support of the proposition that "one incident of non-violent harassment alone [is] not sufficient to meet the cruel and unusual punishment standard"), *report and recommendation adopted*, 2011 WL 4103081 (N.D. Fla. Sept. 14, 2011).

In the current case, Plaintiff fails to show an injury which is sufficiently serious to give rise to an Eighth Amendment violation.  See Moton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) (affirming the grant of summary judgment in favor of a prison guard who conducted a visual cavity search of the plaintiff which required him to remove his clothing, bend at the waist, spread his buttocks, and cough on three occasions).

Consequently, the Court should also **DISMISS** Plaintiff's putative sexual assault claims under the Eighth Amendment.

### III.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

[2]  A certificate of appealability is not required in this Section 1983 action.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA